UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNA FAYE KENDALL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:13-cv-02037-WTL-MJD |
| INTERNAL REVENUE SERVICE, | ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION FOR DISMISSAL OF COMPLAINT
HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

Plaintiff, a pro se litigant, titled her initial filing a Petition for Declaratory Enforcement of Administrative Judgment, which caused the matter to be initially classified as a "miscellaneous" case. [*See* Dkt. 1.] However, Magistrate Judge Lynch discovered that no judgment yet exists and characterized Docket Entry Number 1 as a "complaint [that] seeks to establish claims against the Internal Revenue Service." [Dkt. 3.] Accordingly, on December 23, 2013, Judge Lynch directed the Clerk of the Court to reclassify the cause as a "civil" matter instead of a miscellaneous one and ordered the Plaintiff "to pay the filing fee applicable to complaints (less the amount she has paid for the miscellaneous filing fee) by January 31, 2014." [*Id.*] On January 22, 2014, the Plaintiff filed a Motion for Clarification of Judge Lynch's Order to Reclassify, which Judge Lynch denied on January 28, 2014, reminding Plaintiff of the January 31, 2014 deadline for paying her filing fee. [Dkt. 4.] Because Plaintiff received this second order only one day before the January 31, 2014 deadline for paying the proper filing fee, the Plaintiff filed a motion for extension of time to pay the proper filing fee to March 31, 2014 [Dkt. 5.]

On May 9, 2014 the Court granted Plaintiff's request to extend the deadline to pay the filing fee until March 31, 2014 and ordered Plaintiff to pay the filing fee on or before **May 23, 2014**. [Dkt. 8.] That order stated that "If Plaintiff fails to pay the filing fee by that date, the Plaintiff is ordered to show cause on or before **May 30, 2014** as to why this action should not be dismissed for her failure to timely pay her filing fee. If the filing fee is not paid and good cause for such failure is not shown by that date, the Court will recommend dismissal of this action without prejudice." [*Id.* at 3.] Plaintiff has failed to either pay her filing fee or respond to that order to show cause in any way.

In addition on May 9, 2014 the Court issued an Order to serve process or show cause to the Plaintiff [Dkt. 9], which set forth how to obtain proper service as follows:

> In order to properly serve process on an agency of United States, a plaintiff must do three things:
>
> (1) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; [and]
> (3) send a copy of the summons and of the complaint by registered or certified mail to the agency
>
> Fed. R. Civ. P. 4(i).

[Dkt. 9 at 1.]

The Court notes that Plaintiff filed this matter on December 19, 2013 [Dkt. 1], and on March 27, 2014 Plaintiff filed a "Certificate of Service," certifying that a copy of her complaint and summons were "served to the IRS, 324 25th Street, Ogden, UT 84401" on December 19, 2013. [Dkt. 6.] However, there was no evidence that Plaintiff had served a copy of either her complaint or the summons on the United States Attorney for the Southern District of Indiana or

on the Attorney General of the United States as required by Rule 4(i) of the Federal Rules of Civil Procedure.  Although the 120-day window for service of process set forth in Rule 4(m) of the Federal Rules of Civil Procedure had expired, the Court granted Plaintiff to and including **June 23, 2014** to obtain proper service of process upon the Internal Revenue Service, the United States Attorney for the Southern District of Indiana, and the Attorney General of the United States, as required by Rule 4(i).  [Dkt. 9.]  If Plaintiff failed to file a certificate of such service by that date, the Plaintiff was  ordered to "show cause on or before **June 25, 2014** as to why this action should not be dismissed for failure to serve process.  If no certificate of proper service is filed and good cause for such failure is not shown by that date, the Court will recommend dismissal of this action without prejudice, in accordance with Rule 4(m)."  [*Id.* At 2.]  Plaintiff again filed nothing in response to this order and nothing has been filed to suggest that Plaintiff has effected proper service upon the Defendant.

Accordingly, notice having been provided to the Plaintiff pursuant to the Court's May 9, 2014 Orders [Dkts. 8 & 9], the Magistrate Judge recommends that Plaintiff's claims against Defendant Internal Revenue Service be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to pay the request filing fee as ordered by the Court, and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to timely effect service of process upon Defendants in violation of both Rule 4(m) and the order of the Court.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b) (1) and Rule 72 of the Federal Rules of Civil Procedure, and failure to file timely objections within fourteen days after service of this Report and Recommendation shall constitute a waiver of subsequent review absent a showing of good

cause for such failure.

Dated: 06/26/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DONNA FAYE KENDALL
14555 Gooseberry Drive
Fishers, IN 46038